UNITED STATES v. THOMAS PROSSER & SON.

THOMAS PROSSER & SON v. UNITED STATES.

(Circuit Court, S. D. New York.  January 27, 1910.)

Nos. 5,393, 5,389.

1. CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—MACHINED FORGINGS—"DEGREE OR STAGE OF MANUFACTURE."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 127, 30 Stat. 160 (U. S. Comp. St. 1901, p. 1637), relating to forgings of whatever "degree or stage of manufacture," the words quoted relate only to different stages of the forging process, not extending beyond the completion of that process; and forms that, after being subjected to the final forging process, are further advanced into completed articles practically ready for use, such as axles, piston rods, etc., are removed from said provision into that for manufactured metal in paragraph 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

2. CUSTOMS DUTIES (§ 26*)—STEEL SHAPES.
　　　Tariff Act July 24, 1897, c. 11, § 1. Schedule C, par. 135, 30 Stat. 161
　　(U. S. Comp. St. 1901, p. 1638), relating to steel shapes, does not include
　　in that provision articles so far completed as to be practically ready for
　　use.
　　　[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

These are cross-appeals from a decision by the Board of Appraisers (G. A. 6,822, T. D. 29,326), which sustained protests of the importers against the assessment of duty by the collector of customs at the port of New York.

D. Frank Lloyd, Deputy Asst. Atty. Gen., for the United States.
Brown & Gerry (James L. Gerry, of counsel), for importers. ·

MARTIN, District Judge. The merchandise in question consists of steel crank shafts, crank axles, piston rods, connecting rods, and cross-heads, which were invoiced under their respective names; and duty was assessed at 45 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), as "manufactures of steel not otherwise specially provided for." That paragraph, so far as it relates to the question at issue, reads as follows:

"Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, * * * or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem."

The importers contend that they should have been assessed as forgings of steel at 35 per cent. ad valorem under paragraph 127, and are covered by this language in said paragraph:

"Forgings of iron or steel, or of combined iron and steel, of whatever shape or whatever degree or stage of manufacture, not specially provided for in this act, thirty-five per centum ad valorem. * * * "

Members of the Board of Appraisers have disagreed as to which rate of duty should be assessed. The Board which the Court of Appeals held was the lawful Board to consider the subject held that the merchandise in question are forgings, while the government in its appeal insists upon a classification as "manufactures of metal" under paragraph 193. The importers further contend that, if the merchandise is not dutiable as forgings, it is dutiable under paragraph 135, which relates to steel shapes; but in argument this claim was not pressed, and I have no question that the articles involved in this appeal do not come under that paragraph. ·

The serious question involved here is what is the meaning of the words "whatever degree or stage of manufacture," used in paragraph 127. Did Congress intend by those words to include the development of forgings into specific articles ready for use, however extensive or expensive the finishing process may be, or do those words simply refer to the different stages of the forging processes, as shown by the testimony of the government's experts? That is, forgings in every

stage or degree in the processes of development from the puddling of pig iron to the hammering out into specified forms ready for finishing at the machine shop. Should not this paragraph (127) be construed to read "forgings of iron or steel, whatever shape they may be hammered or pressed into, or in whatever degree or stage of development the manufacture thereof may be, not specially provided for in this act, 35 per centum ad valorem"?

The importer's evidence tends to show that anything that was once a forging is always a forging. If this contention prevails, the blade of a jackknife, having been made of a forging, remains a forging. Under such a construction of the law, the provision in paragraph 193 that iron or steel partly or wholly manufactured shall be assessed at 45 per cent. ad valorem is practically without application, or, if it has any application, it is certainly unjust, in that a piece of steel that has found its way into a manufactured product and escaped the forging processes must pay a duty of 45 per cent. ad valorem, while if it has once been a forging the duty shall only be 35 per cent. ad valorem. This would be crude legislation, and illogical, and in my opinion it is an unwarranted construction.

The evidence on the part of the government is that forgings like a steel billet cease to be such when they have advanced to a more finished or perfected article. As I construe these two paragraphs, it is a question of fact as to whether these articles, after having been forged, were so far developed by a finishing process that they have been advanced from the condition of a forging to that of a manufactured metal. The evidence seems to be conclusive that the articles in question were designed for use in steam engines, and were so far completed as to be practically ready for use. Under the facts developed by the evidence these articles should be classified as manufactured metal, unless we adopt the importer's view—once a forging always a forging—and in that I do not concur. It is not in harmony with the decision of the Supreme Court in Saltonstall v. Wiebusch, 156 U. S. 601, 15 Sup. Ct. 476, 39 L. Ed. 549.

The decision of the Board of General Appraisers is overruled, and the assessment of duty by the collector at 45 per cent. ad valorem, under paragraph 193, is affirmed.